## In re CONEMAUGH COAL MINING CORPORATION.

(District Court, W. D. Pennsylvania. November 30, 1926.)

No. 12683.

1. Bankruptcy ⊚217(i)—Sale of property under foreclosure in state court stayed to permit intervention by representative of estate to ask reopening, where there was doubt as to validity of mortgage.

Sale of property of bankrupt coal-mining corporation, in foreclosure suit in state court, stayed to permit intervention by a representative of the estate to ask a reopening of the case, where there was doubt as to the validity of the mortgage, which was not contested, and it further appeared probable that a more favorable sale of the property could be made in connection with other property of bankrupt.

2. Bankruptcy ⊚132—Discord between trustees held to require their removal.

Discord between trustees of bankrupt corporation, who apparently represented different interests, held to require their removal.

In Bankruptcy. In the matter of the Conemaugh Coal Mining Corporation, bankrupt. On review of the order of the referee, and also on petition to stay the sale of property under a decree of foreclosure in the state court. Order reversed, and petition granted.

E. Lowry Humes, of Pittsburgh, Pa., Ray Patton Smith, of Johnstown, Pa., and Harry Stambaugh, of Pittsburgh, Pa., for petitioners.

A. O. Fording, of Pittsburgh, Pa., and J. C. Davies, of Johnstown, Pa., for bondholders.

F. P. Barnhart, of Johnstown, Pa., and Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge. [1] This action is now before the court on certificate to review the action of the referee in permitting the trustees in bankruptcy to disclaim certain mortgaged property of the bankrupt, and also upon the petition of the Bank of Masontown, Masontown, W. Va., asking: First, that this court restrain George T. Robinson, trustee, from proceeding with an execution sale of part of the bankrupt's property pursuant to a decree in equity entered in the court of common pleas of Cambria county, Pa., at No. 6 June term, 1926, equity docket, a mortgage foreclosure suit, in which George T. Robinson, trustee, is plaintiff, and the Conemaugh Coal Mining Corporation, the bankrupt, and W. J. Kuntz, A. L. Adams, and John H. Stephens, receivers of said corporation under appointment of the court of common pleas of Cambria county, are defendants; second, that the trustees in bankruptcy in the instant case be removed; third, that this court appoint a receiver for the bankrupt pending the election of other trustees; and, fourth, that such receiver so appointed be authorized to operate any or all of the coal mines of the corporation until the further order of court.

By seven different petitions some twenty other alleged creditors of the bankrupt corporation asked leave to intervene in this proceeding as petitioning creditors, and by order of court, made on the 20th of November, 1926, they were made parties petitioners in this proceeding.

Separate answers were filed to this petition by George T. Robinson, trustee, the plaintiff in the foreclosure action above noted, by B. Frank Slick, one of the trustees in the bankrupt corporation, and by H. S. Endsley and W. J. Kuntz, the two other trustees. The court heard the testimony offered in support of, and in opposition to, the petition to restrain the sale of the mortgaged property. From the petition, answers, record in this case, and testimony, the following facts pertinent to these two proceedings appear:

On March 5, 1926, the court of common pleas of Cambria county, Pa., at the suit of George J. Cochran, plaintiff, against the now bankrupt corporation, at No. 1 June term, 1926, equity docket, appointed John H. Stephens, W. J. Kuntz, and A. L. Adams receivers of the corporation. That court proceeded with the administration of the estate of the corporation under this receivership until its jurisdiction was ousted by the bankruptcy proceedings in the instant case, which were begun on the 16th day of April, 1926, and resulted in an adjudication on May 6, 1926. Whereupon W. J. Kuntz, one of the receivers acting under appointment by the state court, was named as the receiver for the bankrupt by this court. On July 22, 1926, H. S. Endsley, W. J. Kuntz, and B. Frank Slick were duly elected as trustees of the bankrupt corporation and qualified as such trustees. George T. Robinson, substitute-trustee for the mortgage bondholders, filed a bill in equity in the court of common pleas of Cambria county on April 29, 1926, at No. 6 June term, 1926, equity docket, against the now bankrupt corporation, and W. J. Kuntz, A. L. Adams, and John H. Stephens, the state receivers of the corporation, proceeded to the final decree of foreclosure which was entered on the 13th day of September, 1926. Neither the receiver of the corporation in bankruptcy nor the trustees, after they were appointed, were made parties to this suit, nor did they seek to intervene and defend, although one of the trustees, B. Frank Slick, filed exceptions to the nisi decree entered in the case, which were dismissed by the court for want of good faith, whereupon the mortgaged property affected by this decree was advertised for sale, and it is this sale which the petitioning creditors in the instant proceeding are asking this court to stay. Although the bankruptcy proceedings were prior in point of time to the action to foreclose the mortgage, no leave was obtained of this court for the sale of the mortgaged property by the Cambria county court.

On May 7, 1926, the date a receiver was appointed for this corporation, we were asked to make a general restraining order against the prosecution of actions against the bankrupt without leave of this court, and our attention was called to the Cambria county foreclosure. We declined to make the restraining order, it being stated in open court at the time that this court would not restrain the plaintiff from liquidating his mortgage claim in the state court, but might control the execution sale.

On the 6th day of September, 1926, H. S. Endsley and W. J. Kuntz, two of the trustees of the bankrupt corporation, filed a petition asking leave to disclaim any interest in the mortgaged property covered by the mortgage subject to the foreclosure proceedings in the court of common pleas of Cambria county at No. 6 June term, 1926, equity docket. The referee in bankruptcy heard testimony with reference to this disclaimer petition, and on October 8, 1926, granted the prayer of the petition. B. Frank Slick, one of the trustees, and certain of the creditors of the bankrupt, have asked this court to review the disclaimer proceedings and reverse the referee in permitting a disclaimer of this mortgaged property.

Since the date of the disclaimer hearing before the referee and the date of hearing in this court on the present petition, there has been a change for the better in the coal market, so much so that H. S. Endsley, one of the trustees in bankruptcy of the corporation, testified on the hearing in court here that had the coal market been on September 6, 1926, as it is to-day, he would not have signed the petition for disclaimer. In the disclaimer proceedings, the referee refused to hear any testimony upon the number and amount of outstanding mortgage bonds against the mortgaged property for the purpose of establishing the equity of the bankrupt therein, holding that he was bound by the decree in foreclosure in the Cambria county court.

The property in controversy is coal property. The mortgaged property is adjacent to other coal-mining property of the bankrupt which was operated at the same time as the mortgaged property. Both the mortgaged property and the adjacent property of the bankrupt are so related that they can only be profitably operated together as a unit. In our judgment a better price could be secured both for the mortgaged property and the adjacent property. In the present coal market, there is a possible equity in the mortgaged property over and above the bonds outstand-

ing, even to the amount found by the Cambria county court.

The testimony in this case shows that the books of the bankrupt corporation do not disclose that any consideration was ever given for the bonds secured by the mortgage, the subject of proceedings in the court of common pleas of Cambria county. The testimony in that case does not show that any evidence was offered as to the quantity and amount of the bonds issued or the consideration given therefor.

The main part of the evidence offered by the plaintiff to sustain its prima facie case was the evidence of tax returns filed by the corporation with the commonwealth of Pennsylvania in adjustment of its corporation tax due the commonwealth. If it be true that there was no consideration for the issuance of these bonds, that matter should have been tested in the court of common pleas of Cambria county, and, from such inspection as we have made of the record and from the testimony before us in this case, we are of the opinion that the trustees in bankruptcy should have intervened in the Cambria county suit, and ask the plaintiff in that action to file a legal proof of the consideration for which said bonds issued. We are of the opinion that the trustees should even now file such a petition asking the court of Cambria county to open the judgment for the purpose of having the validity of these mortgage bonds determined.

With this situation, what ought we to do with the foreclosure proceedings in the court of common pleas of Cambria county? The liquidation of the mortgage bonds in the court of common pleas of Cambria county is a proper proceeding over which that court has jurisdiction, and with that jurisdiction we would not undertake to interfere; but in our opinion execution for the sale of the mortgaged property should not have issued on the judgment of the Cambria county court without leave of the court. However, we are considering this case now as though upon petition for leave to issue execution, and, inasmuch as it now appears to us that there is some question as to the validity of the mortgage bonds and that a valuable equity in the mortgaged property and other assets of the bankrupt corporation is likely to be sacrificed, we believe that this court should interfere and stay the sale for a sufficient length of time to permit the trustees to apply to the Cambria county court to open the judgment in question and to ascertain and determine whether or not a better price cannot be obtained for the mortgaged property along with the contiguous property than can be obtained now by a public sale of the mortgaged property alone on the Cambria county execution. This conclusion necessarily carries with it the conclusion that the referee should be reversed in his findings that the trustees should be permitted to disclaim this property. We are of the opinion that he should have received the tender of evidence as to lack of consideration for the mortgage bonds and then have directed the trustees to intervene in the Cambria county suit in order to test their validity there. In our opinion there is a possible equity in the mortgaged property over and above the amount of the mortgage bonds as found to exist by the Cambria county court.

[2] There is another very unhappy situation in the administration of this estate which should not exist. The trustees in bankruptcy, B. Frank Slick on the one part, and Endsley and Kuntz on the other, are in hopeless discord. They are not acting together for the benefit of the estate, and in our judgment the best interest of the estate would seem to require its administration by disinterested trustees. From the testimony taken in the hearing before us, and from the papers filed in the proceedings of the case, we cannot look for anything else but continued discord on the part of the present trustees. If they are not removed and others substituted who are entirely disinterested, we fear that the assets of this estate will be frittered away and dissipated in useless quarrels over the proper method of administration. Slick is related to officers of the bankrupt corporation; his conduct would seem to indicate that he is trying to administer the estate for the benefit of persons for whom he is especially interested. Kuntz is a director of one of the banks that is largely secured by the mortgage bonds which are the subject of foreclosure proceedings in the courts of Cambria county. There are no acts of dishonesty mentioned or proved on the part of the trustees in this case, but, with such hopeless discord between them, we think the interest of the estate would demand their removal and the substitution of a receiver pending the election of the other trustees by the creditors.

The petitioners ask that the mines be operated at the present time. From the facts now before the court, we cannot find that the trustees or the receiver will be justified in operating the mines at the present time. Operation of property of this character by a court in bankruptcy must be only for a limited time and with a view to selling the property within a reasonable time. At the present time it

would seem to us that only an endeavor should be made to secure a purchaser for the bankrupt estate and not to operate it.

On the whole case, we are of the opinion. that the plaintiff in the foreclosure proceedings in the Cambria county court should be restrained for the present from proceeding with the execution sale of the property in question, that the present trustees should be removed and a receiver be appointed in their place pending the election of a new trustee, and that such receiver be instructed to petition the Cambria county court to open the judgment in the foreclosure suit and receive evidence as to the validity of the mortgage bonds, and that the order of the referee permitting the trustee to disclaim this mortgaged property be reversed and such petition be denied.

An order may be submitted accordingly.